IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ALBERT DARNELL ALEXANDER, III ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, *Acting* ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 2:15-cv-04994-DCN <br><br> ORDER |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R&R") recommending that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's (the "Commissioner") decision denying plaintiff Albert Darnell Alexander, III's ("Alexander") application for disability insurance benefits ("DIB") and social security insurance benefits ("SSI"). For the reasons set forth below, the court adopts the R&R, and affirms the Commissioner's decision.

## I.  BACKGROUND

### A.    Procedural History

Alexander filed an application for SSI and DIB on October 14, 2011. Tr. 27. In each application, Alexander alleged disability beginning November 16, 2008 (the "alleged onset date"). Id. The Social Security Administration denied Alexander's claims initially and on reconsideration. Id. Alexander requested a hearing before an administrative law judge ("ALJ"), and ALJ Marcus Christ held a hearing on February 20, 2014. Tr. 51–83. The ALJ issued a decision on April 4, 2014, finding that

1

Alexander was not disabled under the Social Security Act (the "Act"). Tr. 27–42. Alexander requested Appeals Council review of the ALJ's decision. The Appeals Council declined Alexander's request, Tr. 1–6, rendering the ALJ's decision the final action of the Commissioner.

On December 18, 2015, Alexander filed this action seeking judicial review of the ALJ's decision. The magistrate judge issued the R&R on January 19, 2017, recommending that this court affirm the ALJ's decision. Alexander filed objections to the R&R on January 27, 2017, and the Commissioner responded to Alexander's objections on February 3, 2017. The matter is now ripe for the court's review.

**B.      Medical History**

Because Alexander's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Alexander was born on August 18, 1965 and was 43 years old on the alleged onset date. Tr. 40. He communicates in English and has a high school education. Tr. 40–41

**C.      ALJ's Decision**

The ALJ employed the statutorily required five-step sequential evaluation process to determine whether Alexander had been under a disability since the alleged onset date. The ALJ first determined that Alexander had not engaged in substantial gainful activity during the relevant period. Tr. 30. At step two, the ALJ found that Alexander suffered from the following severe impairments: a neck disorder, headaches/head pain, a back disorder, attention deficit hyperactivity disorder ("ADHD"), and depression. Id. At step three, the ALJ determined that Alexander's

impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). Tr. 31–33. Before reaching the fourth step, the ALJ determined that Johnson had the residual functional capacity ("RFC") to perform "less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.976(b)," and that Alexander could never climb ladders, ropes, and scaffolds, and should avoid concentrated exposure to excess vibration, respiratory irritants, and workplace hazards. Tr. 33. Additionally, the ALJ determined that Alexander could perform "simple, routine, repetitive tasks." Id. At step four, the ALJ found that Alexander was unable to perform his past relevant work, but based on his age, education, and RFC, Alexander could perform certain jobs that existed in significant numbers in the national economy. Tr. 41. Therefore, the ALJ concluded that Alexander had not been under a disability within the meaning of the Act since the alleged onset date.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are

3

supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  DISCUSSION

Alexander argues that the RFC is not supported by substantial evidence, making two specific objections to the R&R: (1) the ALJ's reliance on his own lay opinion rather than competent medical advice in formulating the RFC should be rejected, and (2) the ALJ's assessment of Alexander's chronic sinusitis should be rejected.[1] The court finds that both arguments are without merit.

---

[1] As an initial matter, the Alexander raises very general objections. At least one court in this circuit has found that this type of general objection has the same effect as a failure to object, and held that where a claimant only offers general objections to an R&R no part of the R&R is subject to the court's de novo review. See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). Additionally, since Alexander's objections are a recitation of the issues presented in his briefing on the summary judgment motion before Judge Baker, the court looks to that more substantial briefing for reference. See 42 U.S.C. § 405(g) (Giving the reviewing district court the authority to look at the pleadings and any evidence in the

### A.     ALJ's Reliance on Lay Opinion

First, Alexander argues that "it appears the ALJ relied on his own lay opinion rather than competent medical evidence when making the RFC determination." ECF No. 20 at 10. It is unclear what portion of the ALJ's decision Alexander is drawing upon to support this conjecture. Non-examining state agency medical consultant William Cain, M.D. ("Dr. Cain") opined on Alexander's physical functioning, finding that as of December 2012 Alexander was capable of medium exertional work activity with occasional climbing of ladders, ropes, and scaffolds. Tr. 39. Alexander contends that Dr. Cain was the sole physician who opined on Alexander's physical functional capacity, and that the ALJ did not rely on Dr. Cain's opinion when making his determination on Alexander's RFC. ECF No. 20 at 11. However, a review of the ALJ's decision reveals that this conjecture is just that—a conjecture. The ALJ not only gave some weight to Dr. Cain's opinion, the ALJ in fact reduced Alexander's RFC to light exertional work after taking into account Dr. Cain's opinion in conjunction with Alexander's medical records that documented a worsening of his degenerative disc disease and associated pain symptoms. Tr. 39. The court finds this analysis sufficient.

Alexander also appears to object to the ALJ's formulation of his RFC on the ground that there is no medical opinion giving an assessment of Alexander's functioning for the time period between December 20, 2012—when Dr. Cain gave his opinion that Alexander was capable of medium exertional work activity—and the April 4, 2014 decision of the ALJ. ECF No. 23 at 2. However, Alexander does not

---

administrative record when evaluating whether the Commissioner's decision is supported by substantial evidence.)

point to—and the court was unable to find—any in-circuit precedent that an ALJ must order multiple recurring examinations of a claimant in the period immediately preceding the ALJ's decision on a claimant's RFC.  Indeed, an ALJ is not required to obtain a medical opinion at all to assist in reaching an RFC where there is sufficient evidence in the record for a decision.  20 C.F.R. §§ 404.1546, 416.946.  Here, two state agency physicians opined on Alexander's RFC—Dr. Isabella McCall, M.D. ("Dr. McCall") reviewed Alexander's medical records and assessed his functional abilities on March 19, 2012, and Dr. Cain echoed Dr. McCall's opinion in his December 20, 2012 opinion.  The ALJ is under no obligation to order an interminable series of assessments on claimant's physical functioning.  The court agrees with the R&R that the ALJ properly based his RFC findings on Alexander's subjective complaints, the objective medical evidence, and the medical opinion evidence.  ECF No. 22 at 14.  To the extent that Alexander intended to specifically object to the ALJ's RFC formulation on the ground that the time gap renders the RFC erroneous, this objection is meritless.  If Alexander had made a cogent argument that his physical functioning significantly changed between December 2012 and April 2014 and the ALJ failed to account for this change in formulating the RFC, perhaps the court would reach a different conclusion.  Since he has not, the court declines Alexander's invitation to reweigh the evidence before the ALJ.  See Craig, 76 F.3d at 589 ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary.").

### B.      ALJ's Assessment of Sinusitis

Second, Alexander argues that the RFC determination is not supported by substantial evidence because there is no indication that the ALJ considered the effect of Alexander's chronic sinus problem on his headaches, and thus his overall work-related functioning. ECF No. 20 at 10. As an initial matter, an ALJ need not refer to every piece of evidence in his decision. Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 864 (4th Cir. 2014) (Holding that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.") (internal quotations and citations omitted). Additionally, Alexander did not include sinusitis as an impairment precluding his ability to work on either his application for disability benefits or during his hearing before the ALJ. Tr. 51–83, 359. The Fourth Circuit has ruled that an ALJ is not obliged to investigate a claim that is not presented at the time of the benefits application and is not offered at the hearing as a basis for disability. Meyer v. Colvin, 754 F.3d 251, 256-57 (4th Cir. 2014). Further, the record shows that the ALJ's decision specifically recognizes that Alexander underwent "bilateral endoscopic total ethmoidectomies, maxillary antrostomies, and frontal sinusotomies in an effort to relieve subjective chronic facial pain associated with chronic sinusitis." Tr. 36. Indeed, Alexander has failed to point to any specific piece of evidence regarding his history of chronic sinusitis not considered by the ALJ. The court acknowledges the complexity involved in determining whether Alexander's multifaceted combination of impairments qualifies as a disability. However, the ALJ indicated that he "specifically considered the cumulative effects of the impairments on the claimant's ability to work" in formulating the RFC. Tr. 33. Accordingly, the court finds that the

ALJ's assessment of the effects of Alexander's chronic sinusitis and headaches on his RFC is supported by substantial evidence.

While Alexander may disagree with the ALJ's assessment, it is not the province of this court to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ fully explained his findings in formulating Alexander's RFC and provided specific reasons for his assessment. Tr. 33-41. The court is satisfied that the ALJ's decision was supported by substantial evidence.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R & R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 27, 2017**
**Charleston, South Carolina**